14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony BRISSETTE, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Kentley H. Thomas, a/k/a Thomas Kentley, Defendant-Appellant.
 Nos. 93-5298, 93-5311.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1993.
Decided Dec. 20, 1993.
 
 Appeals from the United States District Court for the Middle District of North Carolina, Winston-Salem.
 Charles J. Alexander, II, Morrow, Alexander, Tash & Long; Donald K. Tisdale, Sr., Tisdale, Holton & Menefee, P.A., for appellants.
 Benjamin H. White, Jr., U.S. Atty., Sandra J. Hairston, Asst. U.S. Atty., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and HAMILTON and LUTTIG, Circuit Judges.
 
 PER CURIAM
 OPINION
 
 1
 Michael Anthony Brissette and Kentley H. Thomas appeal from their convictions for possession with intent to distribute controlled substances and carrying and use of firearms in the commission of a drug trafficking offense, in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(A) (West 1981 & Supp.1993) and 18 U.S.C.A.Sec. 924(c)(1) (West 1976 & Supp.1993), respectively. Finding no error below, we affirm both parties' convictions.
 
 
 2
 Both Brissette and Thomas contend that the district court erred in denying their second motions for acquittal pursuant to Fed.R.Crim.P. 29(a). Appellants concentrate their attack on the drug charges and concede that their success on the weapons charges rises and falls on the success of their attacks on the drug offense convictions. This Court reviews the acquittal-motion denials to determine " 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mills, 995 F.2d 480, 483 (4th Cir.) (citation omitted), cert. denied, 62 U.S.L.W. 3252 (U.S.1993). Because Appellants presented evidence after the close of the government's case, we consider the government's case-in-chief and the evidence submitted by the defense in making this inquiry. See United States v. Amparo, 961 F.2d 288, 290 (1st Cir.), cert. denied, 61 U.S.L.W. 3261 (U.S.1992).
 
 
 3
 The controlling facts in this appeal are not contested. An undercover police officer drove an informant to an apartment in Winston-Salem, North Carolina. There, the informant, after being searched and given money, was directed to enter the apartment to purchase drugs. The officer saw Brissette, who was armed with a pistol, open the door for the informant. The informant remained for some time and returned with drugs; the money was gone, presumably spent on the drugs. The local police and an agent of the federal Bureau of Alcohol Tobacco and Firearms executed a search warrant at the apartment later that evening. Upon entering the apartment the officers found Brissette running for the back door armed with a pistol. The officers found Thomas rising from a couch in the living room. In front of the couch was a table containing large bags of crack cocaine. On another table in the living room officers found an electronic scale, razor blades, baggies, trace amounts of marijuana, and a pager. Next to the couch on a chair, and within reach of Thomas, was a handgun.
 
 
 4
 To establish a violation of 21 U.S.C. Sec. 841(a), the government must show that a person (1) knowingly (2) possessed a controlled substance (3) with the intent to distribute it. 21 U.S.C.A. Sec. 841(a); United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984). Possession can be actual or constructive. Samad, 754 F.2d at 1096. Further, constructive possession is established by a showing that a defendant " 'exercise[d], or ha[d] the power to exercise, dominion and control over the [drugs].' " Id. (noting that the relevant inquiry is whether defendant had " 'appreciable ability to guide the destiny of the drug' ") (citation omitted). Brissette and Thomas attack their drug convictions on only one point--their constructive possession of the drugs. Their attack is unsuccessful.
 
 
 5
 Appellants contend that the prosecution proved their presence in the apartment where the drugs were found but failed to show that they possessed the drugs found there. We disagree. The evidence showed that Brissette and Thomas were travelling companions. During the earlier drug transaction involving the informant, Brissette was seen armed and appeared to facilitate the deal. And, upon their arrest, drugs and materials associated with the sale of drugs were found in plain view in proximity to Thomas. These events could lead a reasonable jury to find that Thomas and Brissette were associated, that they were not strangers to the apartment, that drugs were being sold from the apartment, and that Brissette had participated in a prior drug transaction from the apartment. This is sufficient to show Appellants' constructive possession of the drugs in the apartment.
 
 
 6
 We reject Appellants' reliance on our decision in Goldsmith v. Witkowski, 981 F.2d 697 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3853 (U.S.1993). There, Goldsmith was found present in a room where drugs and paraphernalia were in plain view. Given that there was no evidence showing that Goldsmith had ever been in the house previously or that he had any relationship to his co-defendants, we found that the evidence was insufficient to show that Goldsmith possessed the drugs. Id. at 701-02. We find that the connection between Thomas and Brissette and Brissette's prior drug activity at the apartment distinguishes this case from Goldsmith.
 
 
 7
 We affirm both Brissette's and Thomas's convictions on drug and weapons charges. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.